IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL G. MARABLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00284 |
| ASCENSION ST. THOMAS OF RUTHERFORD, et al., | ) JUDGE CAMPBELL ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl Marable, a Murfreesboro resident proceeding pro se, has filed suit against Ascension St. Thomas of Rutherford, the Murfreesboro Police Department, the Rutherford County Sheriff's Department, and Bedford County Probation. (Doc. No. 1.) Plaintiff has utilized two different complaint forms to claim a violation of his civil rights (collectively, "the Complaint"), the first of which invokes 42 U.S.C. § 1983 (*id.* at 3) and the second of which invokes the "4th and 8th Amendments." (*Id.* at 9.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 4.)

### I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists monthly expenses that approximate his monthly income, and therefore sufficiently demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the

costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 4) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff claims that, on January 2, 2024, he was falsely arrested, wrongfully refused medical care, and wrongfully accused of being impaired by Officer C. Van Liergo.[1] (Doc. No. 1 at 4, 10.) While Plaintiff does not allege any underlying facts about his January 2 arrest, attachments to the Complaint indicate that the charge of arrest was simple possession of a

---

[1] This officer is identified in an arrest affidavit attached to the Complaint as Rutherford County Sheriff's Deputy C. Van Lierop. (Doc. No. 1-2 at 14.) In this opinion, the Court will refer to this individual as Deputy Van Lierop.

controlled substance and drug paraphernalia (Doc. No. 1-2 at 14), and that an outstanding capias warrant for prior charges on which Plaintiff had failed to appear was executed after he was taken into custody. (*Id.* at 9.) Plaintiff's complaint about his January 2 arrest is that it caused his already-high blood pressure to elevate to 198/101, and he was taken to jail without first being taken for medical treatment. (Doc. No. 1 at 5, 10.) He alleges that he "was admitted to the hospital several times throughout all of this [and] suffered a heart attack" (*id.* at 5), though the hospital records he attaches to the Complaint all predate his January 2024 arrest by months or years. (*See* Doc. No. 1-1 at 9–74.) As relief, he asks the Court to "give [him] back [his] rights," and "for this to be handled the right way." (Doc. No. 1 at 5.)

The Court first notes that Plaintiff does not allege any facts to support his Fourth Amendment claim of false arrest, or arrest without probable cause.[2] *See Iqbal*, 556 U.S. at 678 (requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable"); *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015) (to state a claim for false arrest, plaintiff "must plausibly allege that [the arrest] was unsupported by probable cause"). Nor does he sue the arresting officer, Deputy Van Lierop, but only the Rutherford County Sheriff's Department. Sheriff's departments are not proper parties to civil rights suits under 42 U.S.C. § 1983. *Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022); *see*

---

[2] This is true of both the arrest incident to the traffic stop by Deputy Van Lierop, and the arrest on outstanding charges after Plaintiff had been taken into custody. Even if Plaintiff had alleged facts concerning the latter arrest, in such a situation—"when, at the time of his arrest . . ., [plaintiff] is already in custody on other charges"— no separate claim of false arrest would lie. *Freeman v. Troutt*, No. 3:10-CV-0697, 2012 WL 5439160, at *9 (M.D. Tenn. Nov. 7, 2012) (citing cases); *see Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 682 (7th Cir. 2007) ("An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed.").

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that police department "is not an entity which may be sued" in § 1983 suit over arrest). Even if Plaintiff had sought relief against Rutherford County itself, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that any municipal policy or custom caused him to be falsely arrested. In sum, Plaintiff has not sufficiently pled his claim of false arrest in violation of the Fourth Amendment. This claim will not be allowed to proceed.

As to Plaintiff's claim that he was "refused treatment when [his] blood pressure was extremely high and at a dangerous level" (Doc. No. 1 at 5), he does not allege any harm resulting from this spike in his already-high blood pressure. As stated above, all of the medical records attached to the Complaint pertain to Plaintiff's condition in the months or years prior to January 2, 2024. Notably, the circumstances of previous hospital visits in 2022 and 2023 were also secondary to Plaintiff's arrests, such that he arrived in and was discharged to police custody.[3] These records do not document any diagnosis of heart attack, though myocardial infarction was a "differential diagnosis" considered in 2022, when Plaintiff was ultimately diagnosed with chest pain. (Doc. No. 1-1 at 9.) Plaintiff appears to assert that Deputy Van Lierop's failure in 2024 to take him to the hospital, as the arresting officers had evidently done after Plaintiff's 2022 and 2023

---

[3] An emergency department record from October 1, 2022 reflects Plaintiff's arrival via ambulance "from police custody for hypertension," after he was placed "under arrest and stated that he had high blood pressure." (Doc. No. 1-1 at 11.) His blood pressure was recorded as 179/101, and he was discharged after his daily dose of medication (which had been missed due to his arrest that day) was administered. (*Id.* at 12–15.) Again, on June 23, 2023, Plaintiff was arrested and taken to the emergency department, where his blood pressure was recorded as 227/147, an echocardiogram and EKG were performed, and he was discharged to police custody. (*Id.* at 21–31.)

arrests, amounts to a violation of his constitutional rights. But without any allegation of symptoms or any "verifying medical evidence" of harm resulting from Plaintiff's missed medical treatment on January 2, 2024, the Court cannot find any "sufficiently serious medical need" warranting further consideration of this constitutional claim. *Burwell v. City of Lansing, Michigan*, 7 F.4th 456, 463 (6th Cir. 2021).

Finally, even if Plaintiff's claims were otherwise colorable, his assertion that he was "wrongfully accus[ed] [] of being impaired" (Doc. No. 1 at 4), and his requests for the Court to "give [Plaintiff] back [his] rights" and ensure that his case will "be handled the right way" (*id.* at 5), appear to invite an unwarranted intrusion (by way of an injunctive order) into ongoing state criminal proceedings. The Court takes judicial notice of the Rutherford County Online Court Records System, https://rutherford.tncrtinfo.com, which reflects ongoing proceedings against Plaintiff in Rutherford County Criminal Court, where a hearing on all charges of arrest on January 2 is scheduled for May 20, 2024.[4] In these circumstances, where "the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings" and "the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings," this Court must abstain from interfering in the way Plaintiff requests. *Devlin v. Kalm*, 594 F.3d 893, 894 (6th Cir. 2010) (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984)).

### III. CONCLUSION

For the above reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

---

[4] *See* https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=6F1C511C-1576-46AC-88AD-81E44F566CBB&dsid=f4f79266; https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=C147D3B1-5C89-4181-AC6A-B6EED9BD4BCF&dsid=f4f79266 (last visited Apr. 22, 2024).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE